IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DESEAN SPRAGGINS,**

    **Plaintiff,**

                                                  **Case No. 2:17-cv-273**
                                                  **Judge James L. Graham**
      **v.**                                             **Magistrate Judge Elizabeth P. Deavers**

**CHARLOTTE E. OWENS,**

    **Defendant.**

## REPORT AND RECOMMENDATION

      This matter is before the Court on Plaintiff's failure to comply with the Court's May 5, 2017 and June 8, 2017 Deficiency Orders. (ECF Nos. 5, 8.) For the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action **WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**I.**

      On April 6, 2017, the Undersigned issued an Order and Notice of Deficiency, ordering Plaintiff to submit the $400 filing fee, or alternatively, an application for leave to proceed *in forma pauperis*. Plaintiff then filed a deficient motion for leave to proceed *in forma pauperis*. On May 5, 2017, the Undersigned ordered Plaintiff to correct the deficiency or pay the full filing fee within thirty (30) days of the Order and warned Plaintiff that a failure to timely comply would result in dismissal for failure to prosecute. (ECF No. 5.) Plaintiff failed to comply with the May 5, 2017 Order and on June 8, 2017, the Undersigned again ordered Plaintiff to cure the deficiency in his *in forma pauperis* application. (ECF No. 8.) The Deficiency Order advised

Plaintiff that a failure to timely comply would result in dismissal with prejudice for failure to prosecute.

Plaintiff has not cured any deficiencies in his *in forma pauperis* application at this time, or otherwise responded to the June 8, 2017 Deficiency Order.

**II.**

Under the circumstances presented in the instant case, the Undersigned recommends dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b).  The Court's inherent authority to dismiss a plaintiff's action because of his or her failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders.  *See* Fed. R. Civ. P. 41(b); *Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Walbash R. Co*., 370 U.S. 626, 629–32 (1962)).  "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."  *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (*citing K*noll, 176 F.3d at 363).  "'Although typically none of the factors is outcome dispositive, . . . a case is

properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Id.* (quoting *Knoll*, 176 F.3d at 363).

### III.

Here, the record demonstrates such delay.  After Plaintiff failed to properly apply for leave to proceed *in forma pauperis*, the Court ordered him to cure his deficiencies within thirty (30) days unless he paid the full filing fee in the interim.  The Court gave him another chance by ordering him yet again to cure his deficiencies on June 8, 2017, and giving him another thirty (30) days to do so.  These Deficiency Orders provided Plaintiff with adequate notice of the Court's intention to dismiss for failure to prosecute and supplied him with a reasonable period of time to comply.  Nevertheless, Plaintiff has failed to cure deficiencies in his application for leave to proceed *in forma pauperis*.  Because Plaintiff has missed deadlines and disregarded Court orders, the Undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.  The Undersigned therefore **RECOMMENDS** that the Court **DISMISS** Plaintiff's action **WITH PREJUDICE** under Rule 41(b).

### IV.     PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and

waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: July 28, 2017         /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE