**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

DESEAN SPRAGGINS,

        **Plaintiff,**                          **Civil Action 2:17-cv-273**
    v.                                 **Judge James L. Graham**
                                          **Magistrate Judge Elizabeth P. Deavers**

DIRECTOR CHARLOTTE E.
OWENS, *et al.*,

        **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, a state inmate under the supervision of the Ohio Department of Rehabilitation and correction, brings this prisoner civil rights action under 42 U.S.C. § 1983. (ECF Nos. 1 & 16.) This matter is before the Court *sua sponte* for an initial screen of Plaintiff's Amended Complaint as required by 28 U.S.C. § 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Undersigned finds that at this early, initial screening stage Plaintiff's claims alleging violation of the Eighth Amendment against Defendant Sexton and Showalter arguably state claims for relief that can be granted and, therefore, **RECOMMENDS** that those claims continue against Defendants Sexton and Showalter in their individual capacities. The Undersigned finds that the Amended Complaint fails to state claims on which relief can be granted with respect to all other defendants and claims. For the reasons that follow, it is **RECOMMENDED** that the

Court **DISMISS** all of Plaintiff's other claims for failure to assert any claim on which relief may

be granted.

**I.**

According to the Amended Complaint, in November and December 2016, Plaintiff filed

several grievances with Defendant Henry in her capacity as unit manager alleging "harassment,

threats, discrimination, retaliation, and sexual misconduct" by Defendant Anderson. (ECF No.

16 at 5.) Plaintiff states that he also submitted similar grievances to Defendants Diehl and

Wilson in their capacities as institutional inspectors. (*Id*.) Plaintiff also states that on November

9, 2016, he reported another inmate's sexual misconduct to Defendant Hall, who then allegedly

placed Plaintiff in segregation as punishment. (*Id*.) Plaintiff further states that the next day he

suffered humiliation, harassment, discrimination, retaliation, and mental abuse by Defendant

Rigsby because Plaintiff identifies as transgender. (*Id*.) According to Plaintiff, he filed

grievances against Defendant Rigsby with Defendants Henry and Perry. (*Id*.)

Plaintiff alleges that on December 11, 2016, Defendant Evans verbally harassed him and

expressed "anti-gay sentiments." (*Id*.) Plaintiff states that he filed a grievance with Defendant

Posey. (*Id*.) Plaintiff further alleges that on December 20, 2016, the library aid, Defendant

Harmon, humiliated, harassed, and threatened Plaintiff. (*Id*.) Plaintiff states that he filed a

grievance with Defendant Williams "who [has] always been bias[ed] towards plaintiff." (*Id*.)

Plaintiff alleges that on December 26, 2016, upon return from pill call, he was strip

searched by Defendants Johnson and Skaggs, which Plaintiff claims was "unreasonable." (*Id*.)

Plaintiff states that he filed grievances with Defendants Byrd and Perry. (*Id*.) Plaintiff claims

that on January 2, 2017, Defendants Pacinda and Wright verbally abused and harassed Plaintiff

"in a threatening manner." (*Id*. at 6.) Plaintiff states that he filed a grievance with Defendant

2

Howard.  (*Id*.)  Plaintiff also claims that, on the same day, Defendants Wright and Pacinda made derogatory comments about Plaintiff's sexuality and that he filed another grievance with Defendant Howard.  (*Id*.)

According to Plaintiff, on March 23, 2017, Defendant Smith verbally abused and humiliated Plaintiff while escorting him back to his cell from a mental health appointment.  (*Id*.)  Plaintiff claims that he "then began to be retaliated on by [Defendant] Smith every time she was working in Plaintiff's presence."  (*Id*.)  Plaintiff claims that on July 7, 2017, Defendant Campbell "gaze[d] upon Plaintiff momentarily in a sexual manner" while Plaintiff was washing.  (*Id*.)  Plaintiff states that he filed a grievance with Defendant Hall.  (*Id*.)  According to Plaintiff, he was called to the captain's office where Defendant Sexton threatened Defendant with retaliation if he continued reporting staff misconduct.  (*Id*.)  Plaintiff states that he then filed grievances with Defendants Howard and Diehl.  (*Id*.)

Plaintiff alleges that On July 11, 2017, Defendant Showalter made "false allegations" against Plaintiff and expressed "anti-gay sentiments," including derogatory names "under her breath.  (*Id*. at 7)  Plaintiff states that Defendant Showalter filed "a false conduct report," which prompted Plaintiff to file additional grievances with Defendants Howard and Diehl.  (*Id*.)  Plaintiff also alleges that during a mental health call on July 12, 2017, Defendant Gardener harassed and verbally abused Plaintiff and told Plaintiff, "You are always needy."  (*Id*.)  Plaintiff states that he subsequently filed grievances with Defendants Miller, Diehl, and Williams.  (*Id*.)  Plaintiff further alleges that on July 22 and 23, 2017, Defendant March "maliciously disclosed Plaintiff's conduct report to inmates . . . [and] stated to inmates . . . [that] Plaintiff gave someone HIV."  (*Id*.)  According to Plaintiff, Defendant Marsh's comments "placed Plaintiff at potential risk."  (*Id*.)  Plaintiff states that he reported Defendant Marsh's comments to Defendants Evans,

Browning, and Pollard claiming that all three "fail[ed] to protect" Plaintiff. (*Id*.) Plaintiff states

that he filed grievances with Defendants Howard and Diehl. (*Id*.) Plaintiff claims that, on July

25, 2017, a Lieutenant Lindsey, who is not named as a defendant, "attacked" Plaintiff. (*Id*.)

Plaintiff provides no further information about this incident.

Plaintiff claims that on August 9, 2017, Defendant Sexton mentally abused and harassed

Plaintiff. (*Id*. at 8.) According to Plaintiff, Defendant Sexton "stated to Plaintiff he don't give a

fuck why Plaintiff [is] on suicide watch . . . [and he] encourage[d] Plaintiff repeatedly three

times to kill yourself." (*Id*.) Plaintiff stated that he filed grievances with Defendants Howard

and Diehl. (*Id*.) Plaintiff also states that he talked to Defendant Byrd about the alleged

misconduct. (*Id*.) Plaintiff further states that he filed grievances alleging staff misconduct and

inmate sexual misconduct to Defendants Henry, Perry, Howard, Diehl, and Wilson. (*Id*.)

Plaintiff states that he also met with and filed grievances with Defendant Hooks and then filed

grievances against Defendant Hooks when he failed to act. (*Id*.) Plaintiff says that he "wrote

numerous grievances and appeals" to Defendant Wilson, who "did not properly investigate but

maliciously conspired with administration" in denying every grievance and appeal. (*Id*.)

Plaintiff claims that Defendants' actions and inactions amount to "cruel and unusual

punishment . . . that caused great pain of mind and body to Plaintiff." (*Id*. at 9.) Plaintiff seeks

damages "in excess of $37,000.00 for nominal damages, compensatory damages, punitive

damages . . . and any other relief the Court deemed just and appropriate." (*Id*.)

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to

"lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from

filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490

U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the

statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been
> paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte*

dismissal of an action upon the Court's determination that the action is frivolous or malicious, or

upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the

basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also*

*Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure

12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule

8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual

demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank*, *F.S.B*.,

727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a]

pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

---

[1]Formerly 28 U.S.C. § 1915(d).

of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.

Plaintiff brings his federal law claims against Defendants under 42 U.S.C. § 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

In order to proceed under § 1983, a plaintiff must prove both that (1) the perpetrator acted under color of state law; and (2) the conduct deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Brandon v. Allen*, 719 F.2d 151, 153 (6th Cir.1983), *rev'd and remanded sub nom*, *Brandon v. Holt*, 469 U.S. 464 (1985). As a general rule, a plaintiff proceeding under § 1983 must allege that the deprivation of his rights was intentional or at least the result of gross negligence. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). Mere negligence is not actionable under § 1983. *Chesney v. Hill*, 813 F.2d 754, 755 (6th Cir. 1987).

## A. Claims against Defendants in their Official Capacity

As a preliminary matter, § 1983 does not permit Plaintiff to bring his claims against Defendants in their official capacity. Section 1983 imposes liability only upon a "person" who, under color of law, subjects another person to a deprivation of federal rights. 42 U.S.C. § 1983. State officials acting in their official capacity are not "persons" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To the extent that Plaintiff brings his § 1983 claims against Defendants in their official capacity, therefore, they are not cognizable. *See Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003) (holding that § 1983 claims against agents of the state in their official capacity are not cognizable).

## B. First Amendment Claims

In his Amended Complaint, Plaintiff makes repeated claims of "retaliation" against most of the named Defendants. (ECF No. 16.) To state a First Amendment retaliation claim, a plaintiff must allege three elements: (1) that he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's

protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Retaliation claims

must include a "chronology of events from which retaliation may plausibly be inferred." *Ishaaq*

*v. Compton*, 900 F. Supp. 935 (W.D. Tenn. 1995) (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n.

6 (7th Cir. 1988)).

The Court observes that Plaintiff appears to characterize much of Defendants' alleged

verbal abuse and harassment as retaliation for various actions. Anger and even hateful

statements, however, do not amount to adverse actions. *Smith v. Mohr*, No. 2:15-cv-1264 2016

WL 1322347 at * 7 (S.D. Ohio Apr. 5, 2016). "[V]erbal harassment does not state a claim for

retaliation." *Id.* (citing *Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002)). To the extent

Plaintiff's blanket retaliation claims are based on Defendants' alleged verbal abuse and

harassment, therefore, they are meritless.

**1. Retaliation against Defendants Hall, Sexton, and Showalter**

Plaintiff appears to make a more specific allegation of retaliation against Defendant Hall

for placing him in segregation for reporting another inmate's sexual misconduct. (ECF No. 16 at

5.) A verbal complaint to a prison official is protected conduct. *Smith*, 2016 WL 1322347 at *

7. Although placement in segregation can constitute an adverse action, *Hill*, 630 F.3d at 474,

Plaintiff has provided nothing beyond conclusory assertions to suggest that Defendant Hall's

action resulted from Plaintiff's reports of inmate sexual misconduct. Plaintiff, therefore, has not

alleged facts indicating a causal connection sufficient to satisfy the third element of a retaliation

claim against Defendant Hall. *See Smith*, 2016 WL 1322347 at * 8.

Plaintiff also alleges that Defendant Sexton threatened retaliation if Plaintiff continued to

report staff misconduct. (ECF No. 16 at 6.) According to Plaintiff, Defendant Sexton threatened

"to throw Plaintiff to the floor" if he reported Defendant Campbell's alleged misconduct. (*Id.*)

"An inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf." *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). Furthermore, physical threats have been found to meet the standard of deterring a person of ordinary firmness from engaging in a protected activity. *Thaddeus-X*, 175 F.3d at 398. Additionally, the causal connection between Plaintiff's protected activity and Defendant Sexton's adverse action is explicit. Plaintiff, therefore, has made out a plausible claim against Defendant Sexton for retaliation in violation of his Eighth Amendment rights.

Plaintiff further alleges that Defendant Showalter submitted a retaliatory false conduct report against Plaintiff for filing grievances against her. (ECF No. 16 at 7.) As noted above, "[a]n inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf." *Herron*, 203 F.3d at 415. Furthermore, false disciplinary reports may constitute adverse action. *Smith v. Craven*, 61 F. App'x 159, 162 (6th Cir. 2003). As above, the causal connection between Plaintiff's protected activity and Defendant Showalter's adverse action is explicit. Plaintiff, therefore, has made out a plausible claim against Defendant Showalter for retaliation in violation of his First Amendment rights.

**2. Retaliation Allegations Against other Defendants**

Plaintiff alleges that various Defendants other than Defendants Hall, Sexton, and Showalter retaliated against him in some way. Plaintiff's Amended Complaint, however, provides no further information about these alleged incidents.

A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state

a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill,* 630 F.3d at 470-471 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

Although Plaintiff states various dates for the alleged retaliation, he alleges no other facts about the events in question. Plaintiff neither states what protected activity he was engaged in, nor what adverse actions he believes constitute the alleged retaliation. Plaintiff's claims against these various Defendants amount to mere conclusory allegations without even a formulaic recitation of the elements of a cause of action and are, therefore, without merit. *Twombly*, 550 U.S. at 555.

## C. Personal Involvement and Respondeat Superior

To state a claim against a defendant in his individual capacity, a plaintiff must allege personal involvement of the defendant in causing plaintiff's injury. *Hardin v. Straub*, 954 F.2d 1193, 1196 (6th Cir. 1992). A party cannot be held liable under Section 1983 unless the party personally participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). To establish liability under Section 1983 against an individual defendant, a plaintiff must plead and prove that the defendant was personally involved in the conduct that forms the basis of his complaint. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (stating that, "[a]t a minimum a [Section] 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct"). Thus, a claimed constitutional violation must be based on active unconstitutional behavior,

*Greene*, 310 F.3d at 899; *Shehee*, 199 F.3d at 300, and cannot be based upon the mere right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, (1981); *Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658 (1978). A plaintiff must demonstrate that a supervisory defendant "did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on." *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999). Supervisory liability cannot be based upon the failure to act, *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004), or simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *Shehee*, 199 F.3d at 300. Merely bringing a problem to the attention of a supervisory official is not sufficient to impose liability. *Shelly v. Johnson*, 684 F.Supp. 941, 946 (W.D. Mich. 1987).

In the instant case, to the extent Plaintiff brings claims against various defendants in their capacities as managers, Plaintiff's claims have no merit. Furthermore, Defendants are not subject to liability "simply because [they] denied an administrative grievance or failed to act based upon information contained in a grievance." *Shehee*, 199 F.3d at 300. Plaintiff's Complaint fails, therefore, to give rise to a plausible inference that defendants Wilson, Hooks, Howard, Wiliams, Diehl, Stegemoller, Perry, Posey, Henry, or Byrd were actively engaged in any unconstitutional behavior as a result of their supervisory positions or handling of Plaintiff's several grievances.

### D. Eighth Amendment Claims

The Supreme Court has stated that conditions of incarceration "must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for

11

courts to use when deciding whether certain conditions of confinement constitute cruel and

unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts

which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is

measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S.

1, 8 (1992) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Routine discomforts of prison

life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme

deprivations regarding the conditions of confinement will implicate the protections of the Eighth

Amendment. *Id.* at 9. An extreme or grave deprivation is required. *Id.* Verbal abuse and

harassment, alone, cannot state an Eighth Amendment claim. *Jackson v. Moore*, No. 3:10-CV-

1096 2010 WL 3808251 at *2 (N.D. Ohio Sept. 24, 2010) (citing *Ivey v. Wilson*, 832 F.2d 950,

955 (6th Cir. 1987); *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004)). Minor threats do

not rise to the level of a constitutional violation. *Thaddeus-X*, 175 F.3d at 398.

    **1. Harassment and Verbal Abuse.**

    With respect to various Defendants' alleged harassment and verbal abuse, Plaintiff fails

to establish the objective component of his claims. An Eighth Amendment claim is stated where

a prisoner is denied some element of civilized human existence due to deliberate indifference or

wantonness. *Wilson*, 501 U.S. at 298; *Street v. Corrections Corp. of Am.*, 102 F.3d 810, 814 (6th

Cir. 1996). In sum, this prong of the Eighth Amendment affords protection against conditions of

confinement which constitute health threats, but not against those which cause mere discomfort

or annoyance. *Hudson*, 503 U.S. at 9–10 (requiring extreme or grave deprivation). Defendants'

verbal abuse, harassment, and leering do not amount to an extreme or grave deprivation.

*Hudson*, 503 U.S. at 8.

### 2. Failure to Protect Claims

Plaintiff alleges that Defendants Evans, Browning, and Pollard failed to protect him after Defendant Marsh allegedly told other inmates that Plaintiff was spreading HIV among the prison population. (ECF No. 16 at 7.) Plaintiff, however, does not allege that he suffered any harm, other than further harassment and verbal abuse, because of Defendants' alleged conduct. (*Id.*) Plaintiff, therefore, fails to allege the requisite extreme or grave deprivation necessary to state a claim for a violation of his Eighth Amendment rights. *Hudson*, 503 U.S. at 9.

### 3. Lieutenant Lindsey

Plaintiff claims that on July 25, 2017, a Lieutenant Lindsey "attacked" him. (ECF No. 16 at 7.) Although Plaintiff states a date for the alleged assault, he proffers no other facts about the event in question. (*Id.*) Plaintiff does not state where the alleged assault occurred, what conduct he believes constitute the assault, or any other details of the alleged incident. Even construed liberally, Plaintiff's claim against Lieutenant Lindsey amounts to a mere conclusory allegation. *Iqbal*, 556 U.S. at 678. Furthermore, Plaintiff does not even name Lieutenant Lindsey as a defendant in his Amended Complaint. Accordingly, the Undersigned finds that Plaintiff's Amended Complaint fails to state a claim on which relief may be granted as to Lieutenant Lindsey. 28 U.S.C. § 1915(e)(2).

## E. Conspiracy to Violate Civil Rights

Although Plaintiff purports to bring his entire claim pursuant to 42 U.S.C. § 1983, Plaintiff alleges that Defendant Wilson "maliciously conspired with administration and denied Plaintiff's grievances and appeals." (ECF No. 16 at9.) Plaintiff's Amended Complaint, therefore, also appears to contemplate allegations against several defendants for conspiracy to

violate his civil rights under 42 U.S.C. §§ 1985(3) and 1986.  The statute provides in relevant

part that:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

During Reconstruction, Congress passed § 1985(3) in order to provide a cause of action

against participants in private conspiracies to deprive others "of rights secured by the law to all."

*Griffin v. Breckenridge,* 403 U.S. 88, 101 (1971).  "A plaintiff makes out a valid cause of action

under § 1985(3) by demonstrating: (1) a conspiracy; (2) for the purpose of depriving, either

directly or indirectly, any person or class of persons of the equal protection of the laws, or of

equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and

(4) an injury to either person or property or a deprivation of any right or privilege of a United

States citizen." *Volunteer Med. Clinic, Inc. v. Operation Rescue*, 948 F.2d 218, 222-23 (6th Cir.

1991).  In order to plead a conspiracy under § 1985(3), Plaintiffs must allege facts that, if true,

would show that Defendants either acted in concert or in furtherance of a common objective to

injure Plaintiffs.  *Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998).  Conspiracy claims

must be pled with some degree of specificity.  *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir.

1987).  Vague and conclusory allegations unsupported by materials facts are not sufficient to

state a conspiracy claim.  *Id.*  Section 1986 creates a cause of action for a knowing failure to

prevent wrongful acts pursuant to a conspiracy to interfere with civil rights.  42 U.S.C. § 1986.

Any defendants with knowledge of a §1985(3) conspiracy who, through negligence, fail to

prevent the discriminatory acts can be liable under § 1986.[1]

Plaintiff, however, offers nothing more than the conclusory allegation that Defendants

acted in concert.  Plaintiff fails to make sufficient factual allegations to establish any sort of

"meeting of the minds" or to link any of the alleged conspirators in a conspiracy to deprive him

of his constitutional rights.  Plaintiff, therefore, has failed to state a claim under 42 U.S.C. § 1985

upon which relief may be granted.

Because Plaintiff has failed to state a claim under § 1985, any contemplated claim under

§ 1986 likewise fails.  *See Braley v. City of Pontiac*, 906 F.2d 220, 227 (6th Cir. 1990) ("Where

a plaintiff has stated no cause of action under § 1985, no cause of action exists under § 1986.").

**IV.**

For the reasons stated above, the Undersigned **RECOMMENDS** that Plaintiff's First

Amendment claims continue against Defendants Sexton and Showalter in their individual

capacities.  Furthermore, it is **RECOMMENDED** that the Court **DISMISS** all of Plaintiff's

other claims for failure to assert any claim on which relief may be granted.

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, it

may, within fourteen (14) days, file and serve on all parties objections to the Report and

---

[1] 42 U.S.C. § 1986 provides, in relevant part:

> Every person who, having knowledge that any wrongs conspired to be done, and
> mentioned in section 1985 of this title, are about to be committed, and having
> power to prevent or aid in preventing the commission of the same, neglects or
> refuses so to do, if such wrongful act be committed, shall be liable to the party
> injured . . . for all damages caused by such wrongful act, which such person by
> reasonable diligence could have prevented.

Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816*,* 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:  October 20, 2017                                        */s/ Elizabeth A. Preston Deavers*
                                                                    ELIZABETH A. PRESTON DEAVERS
                                                                    UNITED STATES MAGISTRATE JUDGE