IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Desean Spraggins,

    Plaintiff,

    v.                       Case No. 2:17-cv-273

Charlotte E. Owens,

    Defendant.

## OPINION AND ORDER

This is an action brought pursuant to 42 U.S.C. §1983 by plaintiff, Desean Spraggins, an Ohio state prison inmate. Plaintiff's complaint was filed on April 5, 2017. On October 20, 2017, the magistrate judge issued a report and recommendation on the initial screen of plaintiff's amended complaint pursuant to 28 U.S.C. §1915A. See Doc. 17. The magistrate judge recommended that the claims against all defendants be dismissed, with the exception of the First Amendment retaliation claims asserted against Lieutenant Sexton and Officer Showalter[1] in their individual capacities. After considering objections filed by plaintiff, the court adopted the report and recommendation by order filed on November 9, 2017. See Doc. 9.

On December 11, 2017, the magistrate judge issued a show cause order, noting that plaintiff had failed to serve defendants Sexton and Showalter within the ninety-day period allowed under Fed. R. Civ. P. 4(m). Doc. 23, p. 1. Plaintiff was ordered to show cause within twenty-one days of the date of the order why the court should not dismiss these defendants and why the court should allow

---

[1] In plaintiff's filings, this defendant's name is spelled both "Shewalter" and "Showalter."

an extension of time to effect service. Doc. 23, p. 2. The order also stated, "Plaintiff must support any good cause showing with sworn affidavits." Doc. 23, p. 2. A response to the show cause order was due by January 2, 2018. Plaintiff filed no response to the show cause order. On January 24, 2018, the magistrate judge filed a report and recommendation in which she recommended that the court dismiss Sexton and Showalter as defendants without prejudice pursuant to Rule 4(m) for failure to timely effect service of process. Doc. 24, p. 1.

On February 6, 2018, plaintiff timely filed an objection to the report and recommendation. Doc. 25. Plaintiff alleged generally that his legal mail was mishandled by the prison mail room. Plaintiff expressed his belief that his mail was being tampered with due to discrimination against him within the prison system. Doc. 25, p. 1. He further stated that he is in restrictive housing and has no access to the legal library. Doc. 25, pp. 1-2. Plaintiff also noted that he had "written" a legal document to the court on October 30, 2017, within the deadline for responding to the show cause order. Plaintiff also filed a motion on February 6, 2018, requesting that summons and Marshal's Service forms be sent to him.

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); <u>see</u> <u>also</u> Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.

§636(b)(1).

Plaintiff's objections fail to establish that the magistrate judge erred in recommending that this action be dismissed for failure to serve Sexton and Showalter. Even if his objection to the report and recommendation is construed as a response to the show cause order, it is not a timely or adequate response. Plaintiff has provided no explanation as to why he has not yet served these defendants, nor has he provided the supporting affidavits required by the show cause order.

Plaintiff attached to his objection a document dated on October 30, 2017, which was filed on November 27, 2017. See Doc. 21. However, this document predated the December 11, 2017, show cause order, and does not respond to the issue of service.[2]

Plaintiff's conclusory complaints concerning the prison mail room's mishandling of his mail also do not provide an explanation for his failure to serve Sexton and Showalter. He does not allege that he failed to receive the show cause order in time to respond to it. He does not claim that he mailed summonses and Marshal's Service forms for serving Sexton and Showalter which were not delivered due to the actions of mail room personnel.

Plaintiff's earlier filings include complaints about the handling of his mail. However, most of these documents are unsigned or concern complaints about the nondelivery of mail to and

---

[2]The document appears to assert objections to the October 20, 2017, report and recommendation concerning the initial screen of plaintiff's amended complaint. These objections were not timely filed. Even if the court were to consider them now, nothing in these objections establishes that the magistrate judge's recommendations and this court's adoption of them were erroneous.

3

from plaintiff's family.[3]  The record does not indicate that plaintiff failed to receive correspondence from this court.  In fact, the record suggests the contrary.  Plaintiff timely responded to the magistrate judge's order on April 6, 2017, which directed him to pay the filing fee or to submit an application for leave to proceed in forma pauperis.  See Docs. 2 and 3.  On August 7, 2017, plaintiff filed a timely objection to the magistrate judge's report and recommendation of July 28, 2017.  See Docs. 11 and 12.  In this objection, he referred to the previous orders filed in this case on April 6, 2017, May 5, 2017, and June 8, 2017, and to the report and recommendation filed on July 28, 2017.  See Doc. 12, p. 1.  Plaintiff filed documents which were construed by this court as timely objections to the magistrate judge's October 20, 2017, report and recommendation.  See Docs. 17-19.  Plaintiff's objection to the report and recommendation now before the court was filed within the specified time period.

Also relevant to the instant report and recommendation and plaintiff's motion requesting forms is the April 6, 2017, notice of deficiency issued by the magistrate judge.  This notice ordered plaintiff to submit the required filing fee or an application for leave to proceed in forma pauperis.  See Doc. 2.  It advised plaintiff that he was required to submit a completed summons and

---

[3] See Doc. 4, p. 1 (unsigned and undated complaint about mail tampering); Doc. 12, p. 4 (unsigned and undated complaint about mail delivery, with notations that outgoing mail is delivered to the post office daily and that "legal mail is delivered to you within 48 hrs"); Doc. 12, p. 7 (June 12, 2017, report that grievance by plaintiff that he was not receiving mail from family members or responses to informal complaints and kites was denied); Doc. 28, p. 1 (undated complaint about the failure to deliver mail from family members).

Marshal's Service form for each defendant. Doc. 2, p. 2. It also directed the clerk to send copies of the in forma pauperis application and service forms to plaintiff. Doc. 2, p. 2. An internal docket entry dated April 6, 2017, reflects that a copy of the prisoner IFP form, a summons form and USM-285 were mailed to plaintiff on that date. Plaintiff apparently received this correspondence, because on May 3, 2017, he filed a timely motion for leave to proceed in forma pauperis using the prisoner IFP form. See Doc. 3. The record also shows that in plaintiff's November 8, 2017, motion for appointment of counsel, he included a document entitled "Summons on all agents of Defendants." See Doc. 18, p. 8. Although this document does not refer to Showalter or Sexton, it demonstrates that plaintiff was aware of the requirement of submitting summons forms.

The fact that plaintiff is in restrictive housing and has no access to a legal library does not explain his failure to perfect service. No research of legal issues is required in order to complete the summons and Marshal's Service forms. The clerk's office provided plaintiff with the necessary service forms early in the case. The record indicates that, despite being in restrictive housing, plaintiff has regularly submitted filings to the clerk's office during the pendency of this case. The fact that he is proceeding pro se does not relieve him of the responsibility to comply with basic rules of court. McNeil v. United States, 508 U.S. 106, 113 (1993).

Plaintiff has offered no satisfactory explanation for his failure to provide summons and Marshal's Service forms for Sexton and Showalter, nor has he provided good cause for an extension of

time to obtain service.  Plaintiff's objection and his motion to be provided with service forms are not well taken.

In conclusion, the court agrees with the report and recommendation of the magistrate judge, and hereby adopts the report and recommendation (Doc. 24).  The individual capacity First Amendment retaliation claims asserted against Lieutenant Showalter and Officer Sexton are dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) for failure to timely effect service of process. Plaintiff's motion for service documents (Doc. 26) is denied.  The clerk shall enter judgment in this case in accordance with this order and the court's order of November 9, 2017.

Date: February 12, 2018                 s/James L. Graham
                                    James L. Graham
                                    United States District Judge